**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NAUGHTY MUSIC, *et al*, Plaintiffs, | § § § § | CIVIL ACTION NO. 4:19-cv-04230 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| TRI-CITY FUNDING & MANAGEMENT LLC, *et al*, Defendants. | § § § § § | |

**ORDER ON ALTERNATIVE SERVICE OF PROCESS**

The Court denies without prejudice the motion by Plaintiffs for alternative service of process. Dkt 8. But the Court extends their service deadline under Federal Rule of Civil Procedure 4(m).

On October 28, 2019 Plaintiffs filed this copyright infringement action against Defendants Tri-City Funding & Management LLC and Clint Smith. Dkt 1. Plaintiffs have since experienced difficulty serving Defendants.

Plaintiffs attach to their motion a 2018 Public Information Report that Tri-City Funding filed with the Texas Secretary of State. This shows that Smith is the director, president, and registered agent of Tri-City Funding. Dkt 8-1. The report listed two addresses—a business address for Tri-City Funding in Pasadena, Texas, and a mailing address for Smith in La Porte, Texas. Ibid.

Plaintiffs engaged a process server to serve Tri-City Funding and Smith at Smith's listed mailing address. The process server twice attempted service but discovered that Smith had moved from that location. Dkt 8-2. A process server also twice

attempted service at the listed business address but was informed Tri-City Funding had sold that location. Dkt 8-3.

Plaintiffs then obtained from public utility records an address in Seabrook, Texas for Tri-City Funding and Smith and engaged a process server to serve them there. The process server attempted service seven times but could not due to a gated entry. Still, the process server confirmed that a car registered to Smith is located at this address. Dkt 8-4.

On January 15, 2020 Plaintiffs filed the instant motion for alternative service of process and to extend the service deadline. Dkt 8. Plaintiffs request the Court to approve service of process on Tri-City Funding and Smith by mailing a copy of the summons and complaint via first-class mail and certified mail to the attention of Smith at Tri-City Funding's business address in Pasadena, Texas, and also to the address gleaned from public utility records in Seabrook, Texas.

Federal Rule of Civil Procedure 4(e)(1) provides that a defendant may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Texas Rule of Civil Procedure 106(a) authorizes service of process by personal delivery to the defendant or by mailing process to the defendant by registered or certified mail. Rule 106(b) authorizes substitute methods of service when the plaintiff makes a showing that service pursuant to Rule 106(a) was unsuccessful. Rule 106(b) states:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted [by personal delivery or by certified mail] at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

>(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex R Civ P 106(b).

A court may authorize substituted service pursuant to Rule 106(b) only if the supporting affidavit strictly complies with the requirements of that rule. *Wilson v Dunn,* 800 SW2d 833, 836 (Tex 1990). Upon receipt of an affidavit satisfying Rule 106(b), a court may then authorize substituted service by first class mail, postage prepaid, if there is "sufficient evidence to establish that notice sent to this address would be reasonably effective to give [defendant] notice of the suit." *State Farm Fire and Casualty Co v Costley,* 868 SW2d 298, 299 (Tex 1993). "The plaintiff must meet a high evidentiary burden to prove that such service is reasonably calculated to provide notice of the proceedings in time to answer and defend." *Titus v Southern City Mutual Insurance*, 2009 WL 2196041, at *4 (Tex App).

Plaintiffs have not met their burden. They seek to serve Defendants by mail at Tri-City Funding's business address in Pasadena, Texas. But according to the declaration submitted with the motion, Tri-City has sold this location. Dkt 8-3. Plaintiffs offer no proof to suggest that mail sent to this location is forwarded to Tri-City or Smith at another location.

Plaintiffs also seek to serve Defendants by mail at an address in Seabrook, Texas that they found "based on public utility records." Dkt 8 at 2. A process server observed a car registered to Smith located at this address on two occasions. Dkt 8-4. But Plaintiffs offer insufficient effort to effect personal service there. And they offer no evidence showing that Smith actually receives mail there—or even that he is usually at (or regularly coming and going from) that location.

The motion and its attachments do demonstrate that Plaintiffs have made a good faith effort to serve Defendants through the process servers they enlisted. The Court finds good cause to extend the deadline for service under Federal Rule of Civil Procedure 4(m).

The Court DENIES the motion for alternative service without prejudice to its reassertion at a later date.

The Court EXTENDS the deadline for Plaintiffs to serve Defendants to March 27, 2020. If necessary, Plaintiffs may renew this motion to attempt to meet their burden at that time by demonstrating further efforts and better proof on the method of service they seek.

SO ORDERED.

Signed on February 21, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge